WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TRANSPORT FACTORING ASSOCIATES INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED CAPITAL FUNDING CORP., <br><br> Defendant. | NO. : CV-05-508-PHX-SMM <br><br> **ORDER** |

Pending before the Court is Defendant's Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. No. 25). After considering the arguments in Defendant's Motion, the Court issues the following Order.

**BACKGROUND**

For the purposes of this Order, the Court will focus on the facts relevant to Defendant's Motion for Attorney's Fees and Non-Taxable Expenses (Doc No. 25).

On February 14, 2005, Plaintiff Transport Factoring Associates, Inc. ("Plaintiff") filed a Complaint (Doc. No. 1) against Defendant United Capital Funding Corporation ("Defendant") in which Plaintiff requested: 1) a declaratory judgment pursuant to both U.S.C. § 2201 and §2202 to determine the parties' respective entitlements as assignees in

regard to their respective assignors' entitlements, and 2) a judgment for Plaintiff in the sum of $12,250, or another sum certain to which Plaintiff is able to establish it is entitled.

On March 16, 2005, Defendant filed a Motion to Dismiss for lack of both personal and subject matter jurisdiction (Doc. No. 8). On January 4, 2006, the Court granted Defendant's Motion to Dismiss (Doc. No. 23) for lack of personal jurisdiction. The same day, a judgment was entered in favor of Defendant (Doc. No. 24). On January 18, 2006, Defendant filed a Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. No. 25).

**STANDARD OF REVIEW**

Attorneys' fees are not ordinarily taxable as costs against the losing party. See Hensley v. Eckerhart 461 U.S. 424, 429 (1983). This Court is authorized, however, to award fees to a successful party in any contract action. ARIZ. REV. STAT. §12-341.01(A). Section 12-341.01 does not make a favorable judgment on the merits a prerequisite for a "successful" party seeking attorneys' fees. Wagenseller v. Scottsdale Mem'l Hosp., 710 P.2d 1025, 1047-48 (Ariz. 1985), superseded by statute, A.R.S. §23-1501, et seq. The award of reasonable fees is discretionary, and Ariz. Rev. Stat. §12-341.01 does not establish a presumption that fees be awarded in such actions. Assoc'd Indem. Corp. v. Warner, 694 P.2d 1181, 1182-83 (Ariz. 1985). "The award of reasonable attorney fees pursuant to subsection A (of §12-341.01) should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." ARIZ. REV. STAT. §12-341.01(B) (parenthetical added). The party requesting an award of attorneys' fees pursuant to §12-341.01 has the burden of proving entitlement to such an award. Woerth v. City of Flagstaff, 808 P.2d 297, 304 (Ariz. Ct. App. 1990).

Pursuant to Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, this Court has established special procedures for resolving attorneys' fees requests. Rule 54.2 of the

Local Rules of Civil Procedure ("LRCiv") of the United States District Court for the District of Arizona governs claims for attorneys' fees and related non-taxable expenses. LRCiv 54.2(b)(1) provides that unless otherwise provided by statute or court order, a party seeking an award of attorneys' fees and related non-taxable expenses must file and serve a motion for attorneys' fees and related non-taxable expenses within fourteen days of the entry of judgment in the action.  The moving party must also submit a memorandum in support of a motion for award of attorneys' fees and related non-taxable expenses within sixty days of the entry of judgment in the action.  LRCiv 54.2(b)(2).  The memorandum must include a discussion of the following matters with corresponding headings in the order listed below:  1) eligibility, 2) entitlement, and 3) reasonableness of requested award.  LRCiv 54.2(c)(1)-(3).   In addition, pursuant to LRCiv 54.2(d), the following documents shall be attached to the memorandum:  1) a statement of consultation, 2)  a copy of the fee agreement, 3) a task-based itemized statement of fees and expenses, 4) an affidavit of moving counsel, and 5) any other affidavits or evidentiary matter deemed appropriate or required by law.  LRCiv 54.2(d).

## DISCUSSION

A party seeking an award of attorneys' fees and related non-taxable expenses must comply with the requirements of LRCiv 54.2.  The Court finds that Defendant has failed to comply with of sections (b), (c), and (d) of LRCiv 54.2.  Under A.R.S. §12-341.01, the moving party has the burden of proving entitlement to an award of attorneys' fees. Woerth, 808 P.2d at 304.

LRCiv 54.2(b)(2) requires a party seeking an award of attorneys' fees to submit a memorandum in support a motion for award of attorneys' fees and related non-taxable expenses within sixty days of entry of judgment in the action.  LRCiv 54.2(c) specifies that the memorandum must contain three discrete sections discussing the party's eligibility and entitlement to a fee award, and the reasonableness of the requested award.

LRCiv 54.2(d) requires that the following documents be attached to the memorandum: 1) a statement of consultation, 2) a copy of the fee agreement, 3) a task-based itemized statement of fees and expenses, 4) an affidavit of moving counsel, and 5) any other affidavits or evidentiary matter deemed appropriate or required by law.

Here, judgment was entered on January 4, 2006 (Doc. No. 24) and the Court has not yet received a memorandum of points and authorities in support of Defendant's motion for attorneys' fees.  LRCiv 54(c).  Nor has Defendant supplied the Court with any of the documents specified in LRCiv 54(d).  Because Defendant has failed to comply with the requirements of LRCiv 54.2, the Court lacks sufficient information to decide the propriety of awarding fees in this case, and thus Defendant has not satisfied its burden of proving entitlement to such an award.  <u>Woerth</u>, 808 P.2d at 304.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. No. 25) is **DENIED** without prejudice to refiling a properly supported motion, including a memorandum of points and authorities and the required supporting documentation, no later than  July 21, 2006.

DATED this 29th day of June, 2006.

_____
Stephen M. McNamee
United States District Judge